UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

REINALDO GOMEZ,

    Plaintiff,

vs.                                                COMPLAINT

GEE-SPOT INC., a Florida profit corporation,
and WILLIAM GONZALEZ, an individual,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff REINALDO GOMEZ ("Plaintiff" or "GOMEZ"), who was an employee of Defendants GEE-SPOT INC., a Florida profit corporation, and WILLIAM GONZALEZ, an individual (together, "Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

### I.    **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.     PARTIES

3. Plaintiff REINALDO GOMEZ ("GOMEZ") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant GEE-SPOT INC. is a Florida profit corporation that has owned and operated the G Spot or Gee-Spot Deli, located at 4545 Northwest 7th Street, Miami, Miami-Dade County, Florida.

5. Defendant WILLIAM GONZALEZ ("GONZALEZ"), an individual and *sui juris*, was the owner and operator of GEE-SPOT INC. ("Gee-Spot"), the corporation that has owned and operated the Gee Spot deli at which Plaintiff was employed. GONZALEZ acted directly and indirectly in the interest of Gee-Spot. GONZALEZ managed Gee-Spot and had the power to direct employees' actions.  GONZALEZ had management responsibilities, degree of control over Gee-Spot's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at Gee-Spot in accordance with the FLSA making Defendant WILLIAM GONZALEZ an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

6. During all material times, Defendant GEE-SPOT INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

7. During all material times, Defendant GEE-SPOT INC. was an employer as defined by 29 U.S.C. § 203(d).

8. During all material times, Defendant WILLIAM GONZALEZ was an employer as defined by 29 U.S.C. § 203(d).

9. Plaintiff was subject to individual coverage under the FLSA because he regularly processed interstate credit card transactions, he regularly processed business orders over interstate telephone lines, and he regularly received and unloaded goods delivered from out-of-state.

10. During all material times, GEE-SPOT INC. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.    FACTUAL ALLEGATIONS

11. Defendants operated a restaurant known as the G Spot or Gee Spot deli, located at 4545 Northwest 7th Street, Miami, Miami-Dade County, Florida.

12. GOMEZ worked for Defendants from September 7, 2016, approximately, through the present.

13. During the Relevant Time Period, the applicable Florida minimum wage was $8.05 per hour in 2016, and $8.10 per hour in 2017.

14. During the Relevant Time Period, the applicable Florida minimum overtime wage was $12.075 per hour in 2016, and $12.15 per hour in 2017.

15. Throughout his employment, Plaintiff regularly worked well in excess of forty (40) hours per seven-day week.

16. Throughout his employment, Plaintiff was paid approximately $700 per month.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

17. Plaintiff's hourly wage was well below the hourly Florida minimum and overtime wage rate, in violation of the FLSA.

18. As the result of the above violations, Defendants must pay Plaintiff the Florida minimum wage for each hour worked up to forty per workweek and one-and-a-half times Plaintiff's regular wage for each hour worked in excess of forty per workweek.

19. Because Defendants paid Plaintiff a wage that was well below the Florida hourly minimum and overtime wage, Defendants willfully engaged in practices that denied Plaintiff his applicable minimum and overtimes wages under the FLSA.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

21. Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

22. Defendants suffered or permitted Plaintiff to work hours up to forty per workweek while paying him a wage below the Florida minimum wage.

23. Defendants willfully and intentionally paid Plaintiff an hourly wage below the Florida minimum wage.

24. By suffering or permitting Plaintiff to work while paying him a wage below the Florida minimum wage, Defendants have violated the FLSA and owe Plaintiff the full Florida minimum wage for each hour worked up to forty hours in a week.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

25. As a direct and proximate result of suffering or permitting Plaintiff to work while paying him a wage below the Florida minimum wage, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff REINALDO GOMEZ demands judgment in his favor and against Defendants GEE-SPOT INC. and WILLIAM GONZALEZ, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full Florida minimum wage;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

27. Defendants suffered or permitted Plaintiff to work hours in excess of forty per workweek while paying him a wage below the applicable required overtime wage.

28. Defendants willfully and intentionally paid Plaintiff an hourly wage below the applicable required overtime wage.

29. By suffering or permitting Plaintiff to work while paying him a wage below the applicable required overtime wage, Defendants have violated the FLSA and owe Plaintiff the applicable overtime wage for each hour worked in excess of forty hours in a week.

30. As a direct and proximate result of suffering or permitting Plaintiff to work while paying him a wage below the applicable required overtime wage, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff REINALDO GOMEZ demands judgment in his favor and against Defendants GEE-SPOT INC. and WILLIAM GONZALEZ, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at the applicable overtime wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at the applicable overtime wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of August, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*

6

>17 East Flagler Street, Suite 223
>Miami, Florida 33131
>Tel.: 305.358.6800
>Fax: 305.358.6808
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **August 3, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

>By: **s/Robert W. Brock II**
>Robert W. Brock II, Esq.
>Florida Bar No. 75320

**GOMEZ v. GEE-SPOT INC. and GONZALEZ**
**CASE NO.:**

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808